536 So.2d 595 (1988)
Carl J. THORNTON
v.
The DEPARTMENT OF PUBLIC SAFETY.
No. 88 CA 0942.
Court of Appeal of Louisiana, First Circuit.
November 22, 1988.
Steven R. Giglio, Baton Rouge, for plaintiff-appellee Carl J. Thornton.
Robert Roshto, Baton Rouge, for defendant-appellant Dept. of Public Safety and Corrections.
Before CARTER, LANIER, and LeBLANC, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment ordering the Department of Public Safety and Corrections (Department) to allow the inspecting and microfilming of traffic accident reports without charge.

FACTS
Plaintiff, Carl J. Thornton, requested permission from defendant, the Department, to examine and microfilm uniform motor vehicle accident reports without charge. The defendant refused and insisted that plaintiff pay a five dollar fee for each report copied. Plaintiff then filed suit for mandamus, injunction, and declaratory judgment seeking to compel the defendant *596 to comply with his request. The trial judge rendered judgment in favor of plaintiff enjoining defendant from prohibiting plaintiff from inspecting and microfilming uniform motor vehicle records. Defendant's uniform motor vehicle records were declared was to be public records, and defendant was ordered to allow plaintiff to inspect and microfilm uniform motor vehicle accident reports. From this judgment, defendant appeals.
Plaintiff answered the appeal, requesting damages for frivolous appeal under LSA-C.C.P. art. 2164 and additional attorney's fees pursuant to LSA-R.S. 44:35 D.

ISSUE
Whether plaintiff may, without payment of a fee, inspect, copy, or reproduce traffic accident reports in the custody of the Department.

LAW
LSA-R.S. 44:1 et seq., the Public Records Law, provides for the inspection and copying of public records. It is undisputed that the traffic accident reports herein are public records. It is also undisputed that plaintiff may copy, microfilm, or have copies of the records made by the defendant. The entire dispute centers around whether the defendant may charge a fee when plaintiff makes his own copies.
LSA-R.S. 44:31 provides:
Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record.
The Louisiana Supreme Court in Title Research Corporation v. Rausch, 450 So. 2d 933 (La.1984) interpreted this statute as follows:
More specifically, R.S. 44:31 gives to "any person of the age of majority" the right to choose from four options: he may inspect the records; he may copy the records; he may reproduce the records; or he may obtain, from the custodian, a reproduction of the records. The statute is clear and unambiguous in its grant of these alternate rights, and it also is clear that the choice of which optional right to exercise rests with the one requesting the records and not with the custodian. (footnotes omitted) [450 So.2d at 937]
In Title Research, the Supreme Court allowed the microfilming of conveyance and mortgage records for commercial purposes without charge when the copying was done during normal business hours and in a safe manner. The Court further stated that:
The right of the public to have access to the public records is a fundamental right, and is guaranteed by the constitution. La. Const. art. 12, § 3. The provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise. [450 So.2d at 936].
Defendant attempts to distinguish Title Research from the instant case by asserting that there are no statutes providing specific fees for the reproduction of mortgage and conveyance records, while there is a statute, LSA-R.S. 32:398 D(4), which prescribes specific charges for the reproduction of traffic accident reports.
Defendant argues that LSA-R.S. 32:398 D(4) supports the charging of a fee of five dollars per report even when the plaintiff microfilms the reports.
LSA-R.S. 32:398 D(4) provides:
The state police, any local police department, or any sheriff's office shall provide copies of accident reports to any interested person upon request and may charge a fee not to exceed the sum of five dollars per report.
Clearly, LSA-R.S. 32:398 D(4) authorizes the charging of a fee only when the copies are provided by the governing authority. In a situation where the copies are not provided, LSA-R.S. 44:31 applies.
Additionally, LSA-R.S. 44:32 C provides as follows:

*597 C. (1) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state.
(2) For all public records of state agencies, it shall be the duty of the custodian of such records to provide copies to persons so requesting. Fees for such copies shall be charged according to the uniform fee schedule adopted by the commissioner of administration, as provided by R.S. 39:241.
Copies shall be provided at fees according to the schedule, except for copies of public records the fees for the reproduction of which are otherwise fixed by law. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state or the persons whose use of such copies, as determined by the custodian, will be limited to a public purpose, including but not limited to use in a hearing before any governmental regulatory commission.
(3) No fee shall be charged to any person to examine or review any public records, except as provided in this Section, and no fee shall be charged for examination or review to determine if a record is subject to disclosure, except as may be determined by a court of competent jurisdiction. (Emphasis added)
It is clear from a reading of this statute and the other statutes cited that the custodian of a public record may charge a reasonable fee for providing a copy of that record to a person requesting it. The custodian may in fact charge a reasonable fee, a reduced fee, or no fee for the copy he provides. However, the law does not permit the custodian to charge a fee to a person who only wishes to examine or review a public record.
Defendant argues that the legislature in enacting LSA-R.S. 32:398 D(4) intended that persons who copy public records pay for the privilege. However, a careful reading of the applicable statutes indicates otherwise. If there is to be a charge assessed to persons who inspect, examine, or microfilm public records, the legislature will have to provide it.

FRIVOLOUS APPEAL
Plaintiff argues that the appeal herein is frivolous within the meaning of LSA-C.C.P. art. 2164 and seeks damages.
This court has addressed the issue of frivolous appeal on numerous occasions. Pickering v. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir.1983); Weatherall v. Department of Health and Human Resources, 432 So.2d 988 (La.App. 1st Cir. 1983), writ denied, 437 So.2d 1150 (La. 1983); Sample v. Sample, 432 So.2d 376 (La.App. 1st Cir.1983). We have consistently held that where contentions on appeal are without merit, but raise legitimate issues, damages for frivolous appeal are not allowed. Sample v. Sample, supra.
In the instant case, defendant raises a legitimate question relative to whether a custodian of traffic accident reports may charge a fee to a person wishing to examine, inspect, and microfilm the reports. Accordingly, damages for frivolous appeal are not allowed.

ADDITIONAL ATTORNEY'S FEES
The trial judge awarded plaintiff attorney's fees of $300.00 pursuant to LSA-R.S. 44:35 D. Plaintiff now seeks an increase because of the additional legal work required for the appeal.
Attorney's fees are allowed by the court only when there is a statute or a contract that provides for them. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La. 1978).
LSA-R.S. 44:35 D provides:
If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion *598 award him reasonable attorney's fees or an appropriate portion thereof.
Under similar statutory provisions, we have allowed an increase in attorney's fees when the increase was warranted because the appeal had necessitated additional work on the attorney's part. Achord v. H.E. Weise Construction Company, 422 So.2d 1248 (La.App. 1st Cir.1982); Trigg v. Camper Village, Inc., 424 So.2d 1085 (La. App. 1st Cir.1982), writ denied, 429 So.2d 134 (La.1983). Plaintiff's attorney herein answered the appeal, prepared an appellate brief, and appeared at oral arguments. An additional award of $150.00 under these circumstances is reasonable.

CONCLUSION
After reviewing the above statutes and cited jurisprudence, we affirm the trial court judgment enjoining defendant from prohibiting plaintiff from inspecting and microfilming motor vehicle records, declaring motor vehicle accident reports to be public records, and ordering defendant to allow plaintiff to examine, inspect, and microfilm uniform vehicle accident reports without charge. Judgment is rendered awarding plaintiff additional attorney's fees of $150.00. Costs in the amount of $177.46 are assessed against defendant.
AFFIRMED IN PART, RENDERED IN PART.