570 So.2d 133 (1990)
Charles W. CUMMINGS, d/b/a Cummings Title and Abstracts, Plaintiff-Appellant,
v.
Patti Hebert KEMPF, Clerk of Court, Defendant-Appellee.
No. 89-594.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
Rehearing Denied December 14, 1990.
Writ Denied February 22, 1991.
*134 D. Randy Wagley, Opelousas, for plaintiff-appellant.
Morrow, Morrow, Ryan & Bassett, Patrick C. Morrow, & Jarvis Claiborne, Opelousas, for defendant-appellee.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
YELVERTON, Judge.
This is an appeal from a mandamus action to enforce petitioner's right to copy public records. Charles W. Cummings, d/b/a Cummings Title & Abstracts, sought a writ of mandamus to compel the defendants, Patti Hebert Kempf, Clerk of Court of St. Landry Parish, and the Parish of St. Landry, through its governing body, the Police Jury, to allow him to install a copy machine in the Clerk's office so he could make his own copies of the public records. The trial court granted the writ of mandamus allowing Cummings to install the machine but subject to certain conditions. The burdensomeness of these conditions is mainly what Cummings complains about on this appeal.
Petitioner, who is an abstracter, wants the right to place a copying machine in the clerk's office to make reproductions of conveyances, mortgages and other records on file in the clerk's office. He claimed in his petition that he had the right to make copies of records with his own copying machine even though he sells those copies commercially. Both defendants filed answers denying plaintiff's right to relief, asserting that to comply with the plaintiff's request would be in violation of La. Const. Art. VII, § 14, which prohibits the donation, loan or pledge of public funds or property.
La. Const. Art. XII, § 3, guarantees the public the fundamental right to have access to the public records. La.R.S. 44:31 implements this guarantee by providing:
§ 31. Right to examine records
Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record.
In Title Research Corporation v. Rausch, 450 So.2d 933 (La.1984), the Supreme Court, faced with a similar fact situation, found that the above statute is clear and unambiguous in its grant of these alternate rights, and that the choice of which optional right to exercise rests with the one requesting the records, not with the custodian. In Rausch, the plaintiff filed suit seeking a writ of mandamus to compel the clerk to allow it to install a microfilm machine to microfilm the original records in the clerk's custody. The court ordered the clerk of court to provide the requested records to plaintiff and allow the reproduction of those records by any safe means during normal business hours in a nondiscriminatory manner and free of charge.
The plaintiff in the present case, under Rausch, has the right to install and use a copying machine in the office of the St. Landry Parish Clerk of Court. The trial court so held, ordering the Clerk of Court to let him install a copying machine. The court imposed the following conditions, however, on the plaintiff's exercise of the right:
(1) Plaintiff shall purchase a $300,000 public liability insurance policy covering the installation and operation of such machine;
(2) The Clerk or one of her employees shall supervise copying done by plaintiff to insure orderly maintenance of the contents of the books and the preservation thereof;

*135 (3) Plaintiff shall pay the Clerk of Court twenty-five (25¢) cents per page as supervisory fee for copying documents; and
(4) Copies are to be made during normal working hours.
In addition, the trial court ordered the plaintiff to pay $15 a month to the Police Jury for the utilities. The court denied damages but granted the plaintiff attorney's fees in the amount of $500.
The plaintiff appealed. Generally, his assignments of error are pointed to the failure of the trial court to accord him all of the relief to which he believes he is entitled under the access to public records laws and the interpretation of those laws in the case of Rausch. We believe that the trial court did err in some instances, and modify the judgment, in the following particulars and for the following reasons.
The Supreme Court in Rausch recognized that the public's right of access might be subject to reasonable restrictions or limitations:
Legislatively balanced against the public's rights of access, it is the duty of the custodian to preserve the public records, and to ensure that nobody alters or destroys the records. This "vigilance" by the custodian, however, must be reasonable, and it must be by those means which are least intrusive on the right of access. Any restriction or limitation imposed by the custodian places the burden on the custodian to justify the restriction or limitation. R.S. 44.35(B).
We find that the custodian in this case has failed to meet her burden of justifying the conditions requiring clerk supervision of all copying, and a clerk supervisory fee of 25¢ a copy. The testimony of the clerk revealed that on some occasions pages were replaced in the books in the wrong order, but she was unable to say whether plaintiff had ever been responsible for such disorder. In Rausch, there was one incident in which the plaintiff crumpled a record in his machine; the court found that this one incident, or finding the records out of order, was not such an "alteration" as justifies excluding a member of the public from exercising his rights. ]Since in the present case there is no evidence that the plaintiff ever mishandled a record, or left records in disorder, we conclude that the custodian did not carry her burden that supervision of the plaintiff's copying of the records was justified.
There being no justification for plaintiff's supervision, there is no justification for a supervision fee. If the assessment is not for supervision, all it could be is a fee. In Thornton v. Dept. of Public Safety, 536 So.2d 595 (La.App. 1st Cir. 1988), the court properly held that the custodian of public records may not charge a fee when a person makes his own copies of a public record. Thus, the imposition of a fee in the instant case cannot be supported.
The trial court's conditions requiring plaintiff to purchase a $300,000 insurance policy, copying to be done during normal working hours, and a $15 a month fee to the St. Landry Parish Police Jury for the use of electricity to operate his copying machine, are reasonable conditions. Plaintiff himself testified that his copying machine would use approximately $15 a month worth of electricity. We find these restrictions are justified and affirm the trial court.
Plaintiff argues that the St. Landry Parish Police Jury was not a necessary or an indispensable party to this proceeding. After the Clerk filed an exception based on La.C.C.P. art. 641, the trial court required the joinder of the Police Jury. The apparent reason for this requirement was that the parish was the owner of the premises and the obligor for its utilities. It is unnecessary for us to determine whether it was error to require that the parish be joined. Even if it was error, the ruling did not injure the plaintiff. Had only the Clerk of Court been a defendant, the trial court could have ordered payment of the monthly utility use to the Clerk of Court. Also, we shall modify the award of costs so as to make the defendants pay all costs, and thus the plaintiff will not suffer from the extra costs of court caused by the perhaps *136 unnecessary addition of the Police Jury as a party.
Plaintiff also claims that the trial court erred in denying him damages. He maintains that he could have made his own copies at 2¢ to 4½¢ and charged his clients 25¢ thereby making a profit. Further, he argues that he lost these profits during the time before this suit was filed when he had to pay the clerk 50¢ a copy. We find no error. The evidence can be interpreted to mean that the plaintiff passed the clerk's 50¢ per copy fee on to his clients. The trial judge made a specific finding of fact that the plaintiff suffered no damages. This finding, on the record, is not clearly wrong.
The trial court assessed costs 50% to the plaintiff and 50% to the Clerk of Court and St. Landry Parish Police Jury, and awarded the plaintiff $500 as attorney's fees. We modify these awards.
La.R.S. 44:35(D) provides that:
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
In the instant case, plaintiff was successful in his suit for a mandamus for access to public records and should have been awarded reasonable attorney's fees and other costs of litigation. See Association for Rights of Citizens, Inc. v. St. Bernard, 557 So.2d 714 (La.App. 4th Cir.1990). We increase the attorney's fees to the amount of $1,500 for work at the trial level, and award $750 for the appeal, for a total amount of $2,250 in attorney's fees. In addition all costs are to be borne by the defendants.
Accordingly, the judgment of the trial court is amended to allow the plaintiff to reproduce the records with his copying machine during normal working hours free of charge without the need for supervision. Attorney's fees are increased to $1,500 for the trial, and $750 for this appeal, or a total of $2,250. All costs, both here and below, are assessed against the defendants. In all other respects the judgment is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.