Dear Mr. Shadoin:
Your request for an attorney general opinion has been referred to me for a response. You state that you have received a request for a variety of different documents under the public records act. The request was not made in connection with any litigation. The documents are in the possession of either the City of Ruston or the Ruston Municipal Planning and Zoning Commission. Documents requested are voluminous and some, due to their size, cannot be copied. Specifically, you ask what your obligations and responsibilities are in providing access to documents that cannot be copied. You also ask what charges you may make for copies or other costs associated with copying, such as the cost of a public employee who may have to stay after the regular work day.
Generally, all records, writings, recordings, tapes, reproductions, and electronic data used, prepared for use, possessed, or retained by any instrumentality of state, parish, or municipal government are "public records", except as otherwise provided specifically by law. La. R.S. 44:1 et seq.; see also La. Const. of 1974, Art. XII, § 3. Unless specifically exempted from the requirements of the Public Records Act, any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record. La. R.S. 44:31.
Concerning your first inquiry, it would appear that the custodian of a public record has an affirmative duty to have any requested record "segregated from other records under his custody so that the public can reasonably view the record." La. R.S. 44:33(A)(1). The duty to segregate a public record for inspection, in the event the document is not susceptible to being reproduced, is as extensive as the duty to segregate a public record for reproduction. La. Const. of 1974, Art. XII, § 3; La. R.S. 44:31. In the event that segregating the record for examination or reproduction "would be unreasonably burdensome or expensive, or if the record requested is maintained in a fashion that makes it readily identifiable and renders further segregation unnecessary, the official shall so state in writing and shall state the location of the requested record." La. R.S. 44:33(A)(2). I should note that the Public Records Act does not place an affirmative duty upon the custodian to provide answers to written interrogatories, but does permit access to public records that may nevertheless contain information sought.
Concerning your second request, La. R.S. 44:32(C) permits the custodian to "establish and collect reasonable fees for making copies of public records." Further the law provides that:
 Examinations of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid to them by the public body having custody of such record, out of funds provided in advance by the person examining such record in other regular office or working hours.
This office has previously opined that the custodian should attempt to honor all requests during the course of normal business, and that an order by the custodian requiring after hour examination is subject to strict scrutiny. Atty. Gen. Op. No. 81-615. Such an order will be allowed when the request is of such a magnitude that it disrupts normal office procedure to the point where the office ceases to operate. I have attached a copy of Attorney General Opinion No. 81-615 for your review. Finally, I should note that no copying fee may be charged a person who merely desires to examine or review records. Thornton vs. Dept. of Public Safety, 536 So.2d 595 (La.App. 1st Cir. 1988).
I trust that the above answers your inquiry. If you have further questions, please contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:vrr