WILLIAMS, Judge.
Plaintiff, Injury Hotline, appeals the trial court’s judgment denying its request for mandamus, injunction and declaratory judgment. We reverse.
Injury Hotline, A Professional Law Corporation, made written request to the Sheriff of Lincoln Parish, Willie Houck; the City of Ruston, Louisiana, through its may- or, Hilda Perritt; and its then Chief of Police, Don Hammon, to inspect and copy vehicular accident reports on file at the City of Ruston Police Department. In response, counsel for the City of Ruston sent plaintiff a written denial of its request. Plaintiff then filed the present action for mandamus, injunction and declaratory relief.[1]
In its petition, the plaintiff sought the right to examine, copy and microfilm uniform motor vehicle accident reports in the custody of the City of Ruston, Louisiana. At the hearing, plaintiff stipulated that it did not have an attorney/client relationship with any of the individuals involved in the accidents or named in the accident reports.
In a written opinion, the trial court denied plaintiff’s request for mandamus, injunction and declaratory relief. It found that plaintiff did not represent any person who was involved in an accident, but sought access to all accident reports to solicit business for attorneys. The trial court concluded that LSA-R.S. 32:398 D(4) was controlling, and the plaintiff did not have the right of access to the public records because the statute allowed only “interested persons” to examine the records.
Plaintiff argues that the trial court denied its demand contrary to the provisions of LSA-R.S. 44:1 et seq., which imposes a duty upon custodians of records to allow any person of the age of majority to examine and copy public records.
LSA-R.S. 44:31 provides:
Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record.
The Louisiana Supreme Court in Title Research Corporation v. Rausch, 450 So.2d 933 (La.1984) interpreted this statute as follows:
More specifically, R.S. 44:31 gives to “any person of the age of majority” the right to choose from four options: he may inspect the records; he may copy the records; he may reproduce the records; or he may obtain, from the custodian, a reproduction of the records. The statute is clear and unambiguous in its grant of these alternate rights, and it also is clear that the choice of which option right to exercise rests with the one requesting the records and not with the custodian.
450 So.2d at 937 (footnotes omitted).
In Title Research, the Supreme Court allowed the microfilming of conveyance and mortgage records for commercial pur *129 poses without charge when the copying was done during normal business hours and in a safe manner. The Court further stated that:
[t]he right of the public to have access to the public records is a fundamental right, and is guaranteed by the constitution. La. Const, art. 12, § 3. The provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise.
450 So.2d at 936.
In the instant case, the trial court quoted the above underscored language in Title Research and found that LSA-R.S. 32:398 D(4) was a statute that specifically and unequivocally limited access to accident reports to “interested persons”. It concluded that plaintiff was not an interested person within the meaning of the statute and therefore had no right of access to the records.
Defendants argue the trial court correctly found that LSA-R.S. 32:398 D(4) was applicable to this case. They urge that plaintiff is not an interested person within the meaning of the statute. Defendants state that plaintiff will be provided with accident reports that concern its clients without any controversy. Defendants further argue that it has a responsibility to protect the right to privacy of the individuals involved in motor vehicle accidents.
Title 32 of the Louisiana Revised Statute is entitled “Highway Regulatory Act.” Part VII is entitled “Procedure and Reports” and LSA-R.S. 32:398 of that part establishes the reporting responsibilities of drivers who are involved in vehicular accidents. LSA-R.S. 32:398 requires that the state police, the sheriffs office and the city police departments investigate and prepare written reports of the accidents in their respective jurisdictions. LSA-R.S. 32:398 D mandates that the police department provide copies to any interested persons upon request and authorizes the custodian to charge a fee if a copy is provided.
LSA-R.S. 32:398 D(4) provides:
The state police, any local police department, or any sheriffs office shall provide copies of accident reports to any interested person upon request and may charge a fee not to exceed the sum of five dollars per report that does not exceed two pages, and seven dollars and fifty cents per report that exceeds two pages.
This statute does not restrict the right of “any person of the age of majority” from inspecting, copying, or reproducing the accident reports. LSA-R.S. 44:31.
In Thornton v. Department of Public Safety, 536 So.2d 595 (La.App. 1st Cir.1988), the issue was whether the plaintiff may, without payment of a fee, inspect, copy or reproduce traffic accident reports in the custody of the department. In interpreting LSA-R.S. 32:398 D(4), the court stated:
It is clear from a reading of this statute and the other statutes cited that the custodian of a public record may charge a reasonable fee for providing a copy of that record to a person requesting it. The custodian may in fact charge a reasonable fee, a reduced fee, or no fee for the copy he provides. However, the law does not permit the custodian to charge a fee to a person who only wishes to examine or review a public record.
536 So.2d at 597 (emphasis added).
Defendants argue that after the date of the trial court’s decision in the instant case, the Louisiana Legislature enacted LSA-R.S. 32:398 H to specifically exclude accident reports from the public records law and to define and clarify who is an “interested person” under LSA-R.S. 32:398 D(4). Defendants urge that this newly enacted statute is controlling in the instant case.
LSA-R.S. 32:398 H, enacted by Acts 1992, No. 878 § 1 provides as follows:
The reports required by this Section, and the information contained in the reports, shall be confidential, shall be exempt from the provisions of R.S. 44:1 et seq., and shall be made available only to the parties to the accident, parents or guardians of a minor who is a party to the *130 accident, and insurers of any party which ■ is the subject of the report, or to the succession representatives of those parties, or to the attorneys of the parties or succession representatives, or to a news-gathering organization that requests documents related to the accident. The information in the reports may be tabulated and included in the statistical information published under the provisions of Subsection G of this Section. Nothing in this Section shall prohibit the sale of police accident reports or other driving record information to consumers of online driving records under written contract for purchase of records with the Department of Public Safety and Corrections. Further, the information in the reports may be used by the office of motor vehicles for the purpose of maintaining operating records.
Although this statute limits public access to accident reports and the information therein, the plaintiff in the instant case made written request to examine the accident reports and the trial court rendered its decision in this case prior to the effective date of this provision. Since this statute affects a substantive right guaranteed by Article 12 § 3, of the Louisiana Constitution, it cannot be given retroactive effect. Graham v. Sequoya Corp., 478 So.2d 1223 (La.1985); Riehm v. Kellogg, 520 So.2d 1169 (La.App. 4th Cir.1987); Hawn Tool Co. v. Crystal Oil Co., 514 So.2d 636 (La.App. 2d Cir.1987).
We therefore hold that plaintiff should have been granted access to all accident reports requested prior to August 21, 1992, the effective date of the Act.
Plaintiff contends on appeal that LSA-R.S. 32:398 H is unconstitutional and cannot be used by the defendants to deny plaintiff access to the accident reports.
The constitutionality of a statute must first be questioned in the trial court, not the appellate court. Lemire v. New Orleans Pub. Serv. Inc., 458 So.2d 1308 (La.1984); Brown v. Williams, 587 So.2d 732 (La.App. 2d Cir.1991). A litigant who fails to plead the unconstitutionality of a statute in the trial court generally cannot raise the issue on appeal. Johnson v. Welsh, 334 So.2d 395 (La.1976); Brown v. Williams, supra; Davis v. Franklin Parish School Board, 412 So.2d 1131 (La.App. 2d Cir.1982). The attorney general must be joined to challenge a statute as unconstitutional in a suit for a declaratory judgment. LSA-C.C.P. Art. 1880; Brown v. Williams, supra.
For the reasons expressed, the judgment of the trial court is reversed. Judgment is hereby rendered granting plaintiffs demand for mandamus against the defendants. Defendants are hereby ordered to grant plaintiff access to all accident reports filed prior to August 21, 1992. To the extent authorized by law, cost are assessed to appellees.
REVERSED AND RENDERED.
APPLICATION FOR REHEARING
Before MARVIN, NORRIS, BROWN, STEWART and WILLIAMS, JJ.
Rehearing denied.

. Plaintiff initially named the sheriff and the Lincoln Parish Sheriffs Office as defendants. However, these defendants were not mentioned in the judgment.