657 So.2d 681 (1995)
Joseph V. FOSTER, Jr.
v.
Duncan S. KEMP, III, District Attorney.
No. 94 CA 1228.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
*683 Joseph V. Foster, Jr., in pro. per.
Ralph R. Alexis, New Orleans, for defendant-appellee Duncan S. Kemp, III.
Before LeBLANC, PITCHER and FITZSIMMONS, JJ.
PITCHER, Judge.
Joseph V. Foster, Jr. (Foster), appeals from the trial court's ruling sustaining a peremptory exception pleading the objection of no cause of action. We affirm.

PROCEDURAL HISTORY
Foster, an inmate in the custody of the Louisiana Department of Corrections, seeks mandamus, costs and damages, against Duncan Kemp, III, District Attorney for the 21st Judicial District. In his petition, Foster alleged that on or about April 9, 1993, he requested certain records from the District Attorney's Office and asked that copying costs be waived because he is indigent. Foster further alleged that he did not receive a response from the District Attorney's Office until August 5, 1993, advising him that the records were available, but he had to incur copying costs in the amount of $443.00. This response, according to Foster, failed to comply with the Louisiana Public Records Act, LSA-R.S. 44:1 et seq.
In opposition to the writ of mandamus, the District Attorney filed a peremptory exception pleading the objection of no cause of action on November 15, 1993. After a hearing, the trial court sustained the District Attorney's exception. Foster appeals, alleging the following assignment of error:
1. The trial court erred in sustaining the appellee's [district attorney's] exception of no cause of action, dismissing appellant's [Foster's] suit herein.

ASSIGNMENT OF ERROR NUMBER ONE
Foster alleges that the trial court erred in sustaining the exception of no cause of action. He argues that since the District Attorney did not respond to his request for records within the five day deadline set forth in LSA-R.S. 44:35(A), he is entitled to actual as well as punitive damages.
On the other hand, the District Attorney argues that LSA-R.S. 44:35(A) applies to the denial of the right to inspect or copy records and does not apply to the right to obtain a reproduction of the records.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 p. 2 (La. 7/5/94); 640 So.2d 237, 241. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 p. 2; 640 So.2d at 241.
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 p. 28; 640 So.2d at 253.
LSA-R.S. 44:1 et seq. sets forth the provisions of the Public Records Act.
LSA-R.S. 44:32 provides, in pertinent part:
A. The custodian shall present any public record to any person of the age of majority who so requests. The custodian... may require the person to sign a register...; and shall extend to the person all reasonable comfort and facility for the full exercise of the right granted by this Chapter; provided that nothing herein contained shall prevent the custodian from maintaining such vigilance as is required to prevent alteration of any record while it is being examined; and provided further, that examinations of records under the authority of this Section must be conducted during regular office or working hours, *684 unless the custodian shall authorize examination of records in other than regular office or working hours....
* * * * * *
C. (1)....
(2) For all public records of state agencies, it shall be the duty of the custodian of such records to provide copies to persons so requesting. Fees for such copies shall be charged according to the uniform fee schedule adopted by the commissioner of administration, as provided by R.S. 39:241.
.... Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state....
* * * * * *
D. In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor.
Foster's petition is based upon the express theories that the District Attorney "has a duty under LSA-R.S. 44:32 to provide [him] with a copy of these [undescribed] records, without charge ..."; that the District Attorney "had a duty to immediately present said records to [him] and[,] in no event, exceed three days ... [in] notify[ing] [him] of the determination of access to such records LSA-R.S. 44:32D"; and that "[he] is legally entitled to a Writ of Mandamus to order [the District Attorney] to provide [him with] a complete copy of these records, without cost, LSA-R.S. 44:35A."
Foster misconstrues the cited statutes by failing to distinguish the four separate rights that the statutes set forth. In LSA-R.S. 44:31, the Legislature pointed out that Louisiana's public record inspection law provides to anyone of age the distinct rights to "inspect, copy or reproduce or obtain a reproduction of any public record", in accordance with the provisions of this Chapter. Many of the Chapter's provisions obviously (and some not so obviously) relate only to some, and not all four, of those rights, and one must read the law with its four rights in mind.
For example, the Chapter provision relative to the right to obtain a reproduction from a state agency states that "[f]ees for such copies shall be charged,". See LSA-R.S. 44:32C(2). Clearly, no fees may be charged for inspection or for hand-copying or photo-reproduction by the requester himself or herself. Thornton v. Department of Public Safety, 536 So.2d 595, 597 (La.App. 1st Cir.1988). This statute does not provide that any person, or even that any indigent person, may "obtain a reproduction" free of cost.
To the contrary, Section 32C(2) provides, after stating the custodian's duty to furnish copies for which fees shall be charged, not that copies "must", but that they "may be furnished without charge or at a reduced charge to indigent citizens...."
Foster errs in reading "must" instead of "may" (and in eliminating "or at a reduced charge") when he argues that the District Attorney "has a duty under LSA-R.S. 44:32 to provide [him] with a copy of these records, without charge." First, La. Const. Art. XII, § 3 provides that "no person shall be denied the right to ... examine public documents, except in cases established by law," but does not similarly provide no denial of copies (much less free copies), and thus does not by its words impose such a duty. Secondly, no appellate decision holds that every indigent person has the right to call upon every public officer for free copies of all the records in his or her custody. Finally, common sense advises that, for example, although a clerk of court must accommodate a person of age who wishes himself or herself to reproduce (by photocopying) every deed, mortgage, release, lease, and other land record, Title Research Corporation v. Rausch, 450 So.2d 933 (La. 1984), a clerk is not obliged to make free copies of all those same public records for an indigent applicant who requests them. By the ordinary meaning of § 32C(2)'s "may" language, the Legislature could not have intended to empower every indigent at whim to cause public agencies to expend substantial public moneys merely because the indigent *685 desires free copies of often voluminous public records.
We conclude that the legislation providing that the custodian "may provide free copies to indigent persons" cannot reasonably be understood to mean that the custodian "must" provide free copies. The legislation was designed only to enable a custodian, within his or her sound discretion, to grant a sympathetic, meritorious request by an indigent for a free copy, without the custodian being accused of donating state property in violation of La. Const. art. 7, § 14(A).
Moreover, as to requests for free copies of matters in criminal proceedings (as here involved), court rulings such as this court's State ex rel. Nash v. State, 604 So.2d 1054 (La.App. 1st Cir.1992), control. In Nash, we concluded that if an indigent seeks a copy of any other transcript, he must state a particularized need for the document. State ex rel. Nash v. State, 604 So.2d at 1054. Except for one free copy of the Boykin transcript, as recognized in State ex rel. Johnson v. Clerk of Court, 479 So.2d 916 (La.1985), one has no right to a free copy of any other transcript without stating a particularized need, State ex rel. Joseph v. State, 482 So.2d 680, 681 (La.App. 1st Cir.1985).[1] A particularized need is defined as a showing that the suit for which the transcript is desired is not frivolous and that the transcript is necessary to decide the issues presented. U.S. v. MacCollom, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)). Nash adds, at 604 So.2d 1054:
Relator may request a copy of [any] transcript... under the Public Records Act, La.R.S. 44:3, et seq. However, ... he should be prepared to pay the regular service fees for the document.
Foster's pleading does not show any particularized need for any criminal transcript or other public record that would entitle him to a free copy under the case law referred above. In the absence of such a showing, plaintiff has only a right to get copies of the documents he desires by paying for them. State ex rel. Williams v. Warden, 94-2693 (La. 2/9/95); 649 So.2d 414; Dickinson v. District Judge, 19th Judicial District Court, 94-3036 (La. 2/9/95); 649 So.2d 414.
We conclude that LSA-R.S. 44:32 does not give Foster the right to oblige the District Attorney, and does not give the District Attorney the duty but only the discretion, to make and deliver to him free copies of the District Attorney's public records.

Obligation to "present" records
Foster is not entitled to have the District Attorney "present" the desired records to him under LSA-R.S. 44:32A.
Section 32A, in obliging a custodian to "present" a record to a requester, refers to an in-person request, in the custodian's office. Section 32A provides:
The custodian shall present any public record to any person ... who so requests. The custodian ... may require the person to sign a register ...; and shall extend to the person all reasonable comfort and facility ...; provided that nothing herein contained shall prevent the custodian from maintaining such vigilance as is required to prevent alteration of any record while it is being examined; and provided further, that examinations of records... must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. [Emphasis added.]
The emphasized language shows that this subsection contemplates an in-person request, possibly signing the custodian's register, examining the record in the presence of a vigilant custodian, and during regular office hours. This particular subsection has no application to a written request for copies.[2]

Entitlement to three-day notice, § 32D
Section 32D by its terms also does not apply to Foster, not because he did not appear in person to make his request, but *686 because it applies only to a request postponed due to the custodian's questioning whether the requested record is a public record. LSA-R.S. 44:32D states:

In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor. [Emphasis added.]
The District Attorney here did not raise such a question, and section 32D's three-day period is therefore inapplicable. Similarly, section 35A's five-day period equivalent to a denial of the right to inspect or to copy applies only to those two of the four distinct rights that LSA-R.S. 44:31 grants, and thus has no application to a written request for copies.
The statute does not specify a time within which a written request for copies must be answered. One infers that a response is due within a reasonable time (considering that, after the request is made, the cost of reproduction must be accurately calculated). Whether or not the District Attorney's response here came within a reasonable time,[3] the statutory provisions under which Foster claims entitlement to damages are not applicable.

Mandamus, with burden on custodian, only available "to inspect or copy"
LSA-R.S. 44:35B only gives the court "jurisdiction to ... issue a writ of mandamus ordering the production of any records improperly withheld" when there is a "suit filed under subsection A."[4] Subsection A applies only when a person "has been denied the right to inspect or copy," and provides that a person denied either of those two rights (but not one denied the right to have the custodian provide reproductions) "may institute proceedings for the issuance of a writ of mandamus...."
Foster did not seek to exercise, and was not denied, "the right to inspect or copy a record...." He claimed the fourth Title Research v. Rausch right, namely to obtain, from the custodian, a reproduction of the recordsthat is, to have the custodian make photocopies for him. In addition, he claimed those photocopies free of the charge the statute ordinarily imposes.
The District Attorney conceded Foster had the right to get copies, but advised him that, if the District Attorney was to make copies, the copies would cost $443.00. Thus, Foster was only denied cost-free copies.
LSA-R.S. 44:35A does not purport to entitle one to attorney's fees, or costs, or damages, for denial of cost-free copies, but only for denial of "the right to inspect or copy." Thus, there was no violation of subsection *687 A. And subsection B of LSA-R.S. 44:35 only provides for a de novo determination, with "the burden ... on the custodian to sustain his action," in a suit filed "under Subsection A above," that is, a suit based upon the denial of the right to inspect or copy.
Additionally, the general mandamus law, La.C.C.P. art. 3863, provides "[A] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law...." Mandamus is not available when the performance sought is not mandatory but discretionary, as here where the statute provides a custodian "may" furnish free copies of records to indigents.
We conclude that mandamus does not lie, under either LSA-R.S. 44:35A or C.C.P. art. 3863, to force the District Attorney to exercise his discretion, and that in an action for mandamus for cost-free copies of public records, LSA-R.S. 44:35B does not place the burden on the records custodian to justify denying the cost-free copies.[5]

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff, Joseph V. Foster, Jr.
AFFIRMED.
FITZSIMMONS, J., concurs with reasons.
FITZSIMMONS, Judge, concurring.
I concur in the result. The trial court was correct in maintaining the exception of no cause of action. State ex rel. Williams v. Whitley, 94-2693 (La. 2/9/95); 649 So.2d 414; Dickinson v. District Judge, 19th Judicial District Court, 94-3036 (La. 2/9/95); 649 So.2d 414.
NOTES
[1] See State ex rel Simmons v. State, 93-0275 (La. 12.16/94); 647 So.2d 1094, in which exceptions to the requirement of a "particularized need" are set forth.
[2] Also, inapplicable "presented" language is found in LSA-R.S. 44:33B.
[3] Foster alleges that he wrote his request "on or about" April 9 and the District Attorney's answering letter was dated August 5. If Foster's "on or about" recollection is correct, the delay in response was over three months. That might be deemed unreasonable, but the statute does not appear to fix any penalty save § 35D's attorney fees and costs in a successful enforcement suit. The great importance of public access to public records may be served by other statutory provisions for immediate presentation of desired records to requesters appearing in person.
[4] LSA-R.S. 44:35 provides, in pertinent part:

A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
[5] We note that Foster submitted with his petition his own Order, and the trial court used it in setting a hearing on the petition. Foster is thus not in a position to, and does not, complain that the court did not issue an order for the issuance of an alternative writ. Louisiana Civil Code of Procedure art. 3865 provides that upon the filing of a petition for a writ of mandamus, an alternative writ shall be issued directing the defendant to perform the act demanded or to show cause to the contrary.

In this case, the trial court heard and ruled on the objection pleading the exception of no cause of action without having heard Foster's petition. (See Revere v. Taylor, 613 So.2d 738 (La.App.4th Cir.), writ denied, 615 So.2d 332 (La.1993), in which, the court of appeal affirmed the trial court's refusal of an alternative writ.)