Dear Mr. Goudeau:
We have reviewed certain documentation concerning two written public records requests received by your office June 7, 1996, submitted by the office of the Daily World, an Opelousas newspaper. We have also reviewed your correspondence detailing your actions in response to these requests. Finally, we have reviewed a legal memorandum prepared by Mr. I. Jackson Burson, Jr., Special Counsel to your office, in which Mr. Burson concluded that no provisions of the Louisiana Public Records Law have been violated by your office in responding to the Daily World requests. We agree with Mr. Burson's articulation and application of the Louisiana Public Records Law, LSA-R.S. 44:1,et seq., in his legal analysis, but for your further edification, we reiterate the following salient points:
 I Timeliness of response
The Daily World apparently objects to the timeliness of your office's response to the public records requests and cites LSA-R.S. 44:32 (A) for the proposition that there should have been an immediate production of copies of the requested documents. However, LSA-R.S. 44:32(A) contemplates either a verbal request by a person of the age of majority who is physically present at the custodian's office or a mail-in request. See Elliot v. District Attorney of BatonRouge, 664 So.2d 122 (La.App. 1st Cir. 1995).
We note that the law is silent with respect to a specific time period for response to a written request for copies of records. LSA-R.S. 44:32 C(1)(a) provides:
 C. (1)(a) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state. (Emphasis added).
Recent language delivered by the court in Foster v.Kemp, 657 So.2d 681 (La.App. 1st Cir. 1995) indicates that LSA-R.S. 44:32(A) obliging a custodian to "present" a record to a requestor immediately refers to an in-person request, in the custodian's office. Foster, supra, at page 685. Of particular import to the instant matter is language contained on page 686 of the Foster opinion, providing:
 The statute does not specify a time within which a written request for copies must be answered. One infers that a response is due within a reasonable time (considering that, after the request is made, the cost of reproduction must be accurately calculated). Whether or not the district attorney's response here came within a reasonable time, the statutory provisions under which Foster claims entitlement to damages are not applicable. Foster, supra, p. 686. (Emphasis added).
The appropriate response time to a written request for copies of public records is therefore governed by the standard of reasonableness, and we are of the opinion that the release of some of the records by your office within two working days of the request and the remainder within four working days is reasonable.
 II Disclosure of Public Records
You are required to disclose those records which are maintained by your office which constitute a "public record", as defined by LSA-R.S. 44:1, et seq. An analysis concerning disclosure requires first a determination that the document to be disclosed is in fact a "public record" as defined by statute. The Act defines "public records" as:
 "All books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers . . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business . . . . performed by or under the authority of the constitution or laws of this state . . . ." LSA-R.S. 44:1 (A)(2).
You apparently have not denied access to any documents concerning the Criminal Court Fund (LSA-R.S. 15:571.11) nor copies of the audits, financial statements, or disbursement records or any other records held by your office, despite the fact that technically you may not be the official custodian of each and every document. Further, it is axiomatic that the information contained in those public records which are not held by the district attorney's office must be sought from the appropriate public custodian.
 III Examination after working hours
If the examination of these records would cause an unreasonable disruption of your office's normal business operation, a determination which is in the discretion of the custodian, the requestor may be required to inspect these documents after hours. If this is the case, the provisions of LSA-R.S. 44:32(A), concerning the payment of reasonable fees to the custodian's representative, should be followed. Reference is made to LSA-R.S. 44:32(A), which provides in part:
 (A) . . . . examinations of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event the person designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid by them by the public body having custody of such records, out of funds provided in advance by the person examining such records in other than regular office or working hours. (Emphasis added).
It is unclear from the information provided whether your office required such an examination after office hours, and we draw no conclusion regarding the legal propriety of such an examination.
 IV Compilation of lists of data
To the extent that the Daily World has requested your office to compile data and lists of information, note that the Public Records Law does not require your office to sort through all of its documents in order to compile lists of information which will then be sent to the requestor. In response to a similar inquiry, this office has previously stated, ". . . . if a broad request is received, the custodian may allow the examiner to look for the record if the custodian knows the record to be present in the records given for examination, and if such search for the record by the custodian would be so time consuming so as to interfere with the orderly conduct of this office." Attorney General Opinion 81-615. Additionally, note that on this issue the Louisiana Supreme Court reversed the lower court decision and ruled that Commissioner of Insurance Jim Brown, as custodian, "was not required to produce a list which did not exist and properly refused [the requestor's] request." Nungesser v.Brown, 667 So.2d 1036 (La. 1996).
 V District Attorney's Legal Opinion
As Mr. Burson noted in his correspondence to Mr. Goudeau (June 14, 1996, page 11) this office is also unaware of any law which entitles the newspaper, as a private entity, to obtain legal opinions from the district attorney in response to legal questions raised by the newspaper within public record requests.
From the information provided, we conclude no provision of the Louisiana Public Records Law has been violated by your office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: July 3, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL