Dear Mr. Waitz:
Our office is in receipt of your request for an Attorney General's Opinion regarding conversion of Department of Natural Resources paper records and documents to electronic imagining through optical "WORM" (Write One Read Many) media. It is our understanding that the WORM media creates an unalterable image of the original source document which is stored on a computer disc. The images can then be accessed through use of appropriate computer technology.
You ask for our opinion on the following three questions;
1. Can these electronically imaged and WORM documents be admitted into evidence (as originals) in place of the paper records and documents in judicial and administrative proceedings?
2. Is the Department of Natural Resources required to keep the original documents, and if yes for how long?
3. What type of access is the public required to have in viewing these items, since the documents will be on computer and the Department's website, and their access will be limited by computer availability?
Louisiana law specifically provides for the use of electronic digitizing of public records and its use as evidence in judicial and administrative proceedings. La. R.S. 44:39 provides as follows:
§ 39. Microfilm and electronic digitized records; use as evidence
 A. All persons and public bodies having custody or control of any public records of the State of Louisiana or any of its subdivisions may utilize any appropriate form of the microphotographic process, or an electronic digitizing process capable of reproducing an unalterable image of the original source document, for the recordation, filing, and preservation of all existing public records, forms, and documents or records, forms, and documents hereafter accumulated which pertain to their functions and operations in order to maintain efficient and economical records management programs and to conserve storage space, provided that the use of such microphotographic or electronic digitizing process are not otherwise prohibited by law and that all microforms produced comply with standards established by the division of archives, records management, and history of the Department of State in accordance with the provisions of R.S. 44:415. However, when electronic digitizing is utilized, the original source document or microfilm of such source document shall be maintained until such time as electronic digitizing is recognized as an acceptable means of records preservation.
 B. Any microfilm or electronically digitized copy, when satisfactory identified, shall be deemed to be an original itself, and shall be admissible as evidence in all courts or administrative proceedings in any agency, whether the original document is in existence or not, and an enlargement or facsimile of a reproduction is likewise admissible in evidence, if the original reproduction is in existence and available for inspection under direction of the court or the administrative agency. Original records shall remain subject to subpoena.
(Emphasis added).
From the information you have provided regarding the conversion of paper documents to optical media, it appears that the electronic imaging to "WORM" media constitutes an electronic digitizing process as provided for in R.S. 44:39 (A) and may be used for the preservation of all existing public documents so long as it results in an "unalterable image" of the original source document.
This section further provides that when electronic digitizing is utilized, the original source document must be maintained "until such time that electronic digitizing is recognized as acceptable means of records preservation." We have been unable to find any documentation that the electronic imaging "WORM" media is a recognized acceptable means of record preservation at this time. Therefore, the original source documents must be maintained. However, La. R.S. 44:36 provides that public records shall be preserved for the "time specified for such public records informal records retention scheduled, developed and approved by the State Archive." R.S. 44:38 also provides that in the event the State Archive has not developed a retention schedule, public records shall be preserved for at least three years from the date on which the public record was made, unless otherwise provided by law.
We have been unable to find any law which provides specific time periods for the preservation of Department of Natural Resources records. We suggest you contact the State Archivist to determine whether there is a requirement for retention of Department of Natural Resources records for longer than three years. Once the retention period has expired, the public records may be destroyed.
As provided above, La. R.S. 44:39 (B) provides that electronically digitized copies of public records shall be deemed to be an original and admissible in evidence in all courts or administrative proceedings in any agency, whether the original document is in existence or not. Likewise, La. R.S. 44:421
provides:
 B. Whenever any officer of the State of Louisiana, any political subdivision, municipal corporation, or public corporation is required or authorized by law to record, copy, file, recopy, or replace any document, plat, paper, voucher, receipt, or book on file, or record in his office, he may do so by photostatic, microphotographic, microfilm, or other mechanical process which produces a clear, accurate, and permanent copy, reproduction, or facsimile of the original in accordance with standards not less than those established by the division for permanent records under the authority conveyed by R.S. 44:405(A)(3). Any document, when so reproduced and properly identified and certified, shall have full evidentiary value and force in law.
It is therefore the opinion of this office that the Department of Natural Resources may convert its paper records and documents to electronic imaging "WORM" media, but must retain the original source documents for at least three years or such longer period as required by the State Archivist. It is also the opinion of this office that electronic images of the documents should be admissible in all courts and administrative proceedings regardless of whether the original document is in existence, assuming it meets the requirements of the Louisiana Code of Evidence, such as relevancy and authenticity. See LSA-C.E. Art.101 et seq.
Your third question asks the type of access the public is required to have in order to view these documents. Generally, all records, writings, recordings, tapes, reproductions, and electronic data used, prepared for use, possessed, or retained by any instrumentality of state, parish, or municipal government are "public records", except as otherwise provided specifically by law. La. R.S. 44:1 et seq.; see also La. Const. of 1974, Art.XII, § 3. Unless specifically exempted, any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record. La. R.S. 44:31.
La. R.S. 44:32 (A) provides:
 A. The custodian shall present any public record to any person of the age of majority who so request. The custodian shall make no inquiry of any person who applies for a public record, except an inquiry as to the age and identification of the person and may require the person to sign a register and shall not review, examine or scrutinize any copy, photograph, or memoranda in the possession of any such person; and shall extend to the person all reasonable comfort and facility for the full exercise of the right granted by this Chapter; provided that nothing herein contained shall prevent the custodian from maintaining such vigilance as is required to prevent alteration of any record while it is being examined; and provided further, that examinations of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event, the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid to them by the public body having custody of such record, out of funds provided in advance by the person examining such record in other than regular office or working hours.
R.S. 44:32 (C) provides:
 C. (1)(a) For all public records, except public records of state agencies, it shall be the duty of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state. (Emphasis added).
Further with respect to public records of state agencies R.S.44:32 (C)(2) provides:
 For all public records of state agencies, it shall be the duty of the custodian of such records to provide copies to persons so requesting. Fees for such copies shall be charged according to uniform fee schedule adopted by the commissioner of administration, as provided by R.S. 39:241.
(Emphasis added).
 Copies shall be provided at fees according to the schedule, except for copies of public records the fees for the reproduction of which are otherwise fixed by law. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state or the persons whose use of such copies, as determined by the custodian, will be limited to a public purpose, including but not limited to use in a hearing before any governmental regulatory commission.
Finally R.S. 44:32 (C)(3) provides:
 No fee shall be charged to any person to examine or review any public records, except as provided in this Section, and no fee shall be charged for examination or review to determine if a record is subject to disclosure, except as may be determined by a court of competent jurisdiction.
See also Thornton vs. Dept. Of Public Safety, 536 So.2d 595
(La.App. 1st. Cir. 1988).
This office has previously opined that the custodian should attempt to honor all requests during the course of normal business, and that an order by the custodian requiring after hour examination is subject to strict scrutiny. Atty. Gen. Op. No. 81-615. Such an order will be allowed when the request is of such magnitude that it disrupts normal office procedure to the point where the office ceases to operate. Finally, no copying fee may be charged a person who merely desires to examine or review records.
We trust the foregoing has been helpful. Should you have any further questions please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp