Dear Ms. Hostettler:
You have requested an Attorney General's opinion on the release of records in your possession concerning complaints about internet usage. Specifically, the public records request concerns patron and staff complaints, internal memos, e-mail messages, or incident reports about patrons accessing pornographic or sexually explicit material on public internet terminals.
LSA-R.S. 44:13, specifically addressing the applicability of the Public Records Act to registration records and other records of use maintained by certain libraries, provides:
 A. Notwithstanding any provisions of this Chapter or any other law to the contrary, records of any library which is in whole or in part supported by public funds, including the records of public, academic, school, and special libraries, and the State Library of Louisiana, indicating which of its documents or other materials, regardless of format, have been loaned to or used by an identifiable individual or group of individuals may not be disclosed except to a parent or custodian of a minor child seeking access to that child's records, to persons acting within the scope of their duties in the administration of the library, to persons authorized in writing by the individual or group of individuals to inspect such records, or by order of a court of law.
 B. Notwithstanding any provisions of this Chapter or any other law to the contrary, records of any such library which are maintained for purposes of registration or for determining eligibility for the use of library services may not be disclosed except as provided in Subsection A of this Section.
 C. No provision of this Section shall be so construed as to prohibit or hinder any library or any business office operating jointly with a library from collecting overdue books, documents, films, or other items and/or materials owned or otherwise belonging to such library, nor shall any provision of this Section be so construed as to prohibit or hinder any such library or business office from collecting fines on such overdue books, documents, films, or other items and/or materials.
This provision exempts records, including registration and eligibility records, of a public library which identifies an individual or group of individuals using documents or materials in the custody of the public library.
In this office's opinion, the information requested generally falls within the scope of what constitutes a public record. We cannot deduce from the information provided whetherany of the specific exceptions provided in LSA-R.S. 44:13 or any other provisions of the law apply. However, if the records requested identify the user of the library material requested, that information must be deleted from the record before release.
As for the timeliness of your response to this written request for public records, we reiterate our stance in Attorney General Opinion No. 96-303:
 [L]anguage delivered by the court in Foster v. Kemp, 657 So.2d 681 (La.App. 1st Cir. 1995) indicates that LSA-R.S. 44:32(A) obliging a custodian to "present" a record to a requestor immediately refers to an in-person request, in the custodian's office. Foster, supra, at page 685. Of particular import to instant matter is language contained on page 686 of the Foster opinion, providing:
 The statute does not specify a time within which a written request for copies must be answered. One infers that a response is due within a reasonable time (considering that, after the request is made, the cost of reproduction must be accurately calculated). Whether or not the district attorney's response here came within a reasonable time, the statutory provisions under which Foster claims entitlement to damages are not applicable. Foster, supra, p. 686.
Therefore, the standard of reasonableness is the applicable temporal guide for response to the written request at issue.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ CARLOS M. FINALET, III Assistant Attorney General
Date Received: Date Released:
Carlos M. Finalet, III Assistant Attorney General