Dear Ms. Moses-Fields:
Our office received an opinion request from you regarding the use of portable scanners by reporters for the purpose of scanning police incident reports and other records from the New Orleans Police Department. Your letter states that your office has concerns about the use of this equipment to view public records because of the ease of manipulation of the records and the financial impact of using portable scanners in lieu of paying for copies of the public records.
The right of access to public information is guaranteed by La.Const. art. 12, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define this constitutional right of access.
Your letter concedes that the documents requested clearly fall within the definition of public records available for inspection under Title 44 of the Louisiana Revised Statutes. Pursuant to La.R.S. 44:31, as the custodian of a public record, you have the responsibility and duty to provide access to the record, and any person of the age of majority mayinspect, copy, or reproduce any public record unless it is specifically excepted from the public records law. When describing the methods available to view public records, the Louisiana Supreme Court has stated, "[t]he statute is clear and unambiguous in its grant of these alternative rights, and it also is clear that the choice of which optional right to exercise rests with the one requesting the records and not the custodian." Title Research v. Rausch, 450 So.2d 933, 937 (La. 1984). *Page 2 
Louisiana courts have consistently held that the rights afforded to the public under the Public Records Act include the right to make copies of documents using their own equipment.
The Louisiana Supreme Court has addressed whether or not the clerk of court could be forced to permit microfilming of conveyance and mortgage records. Id. Finding the president of the title company was entitled to bring his own equipment to reproduce the records at issue, the Court held:
 As a qualified member of the public, Mr. Heeter is entitled to inspect, copy, reproduce, or obtain a reproduction of the requested public records. He has chosen to reproduce the records, in toto, by means of microphotographic reproduction techniques. He has chosen the method, and the clerk-custodian may not inquire into his choice of medium.
Id. at 938.
The Third Circuit allowed an abstractor to install a copy machine to enforce his right to copy public records in Cummings v. Kempf,570 So.2d 133, (La.App. 3 Cir. 1990). The First Circuit addressed whether a citizen had the right to inspect and reproduce traffic accident reports without payment of a fee, and held that "the law does not permit the custodian to charge a fee to a person who only wishes to examine or review a public record." Thornton v. Dept. of Public Safety, 536 So.2d 595
(La.App. 1 Cir. 1988).
La.R.S. 44:32 was amended in 1995 to add Subparagraph (C)(1)(c), which states, "The use or placement of mechanical reproduction, microphotographic reproduction, or any other such imaging, reproduction, or photocopying equipment within the offices of the clerk of court by any person described in R.S. 44:31 is prohibited unless ordered by a court of competent jurisdiction." [Emphasis added].
After this amendment, the right of a requestor to inspect and make copies has continued to be guaranteed by Louisiana's Public Records Act. In 1997, the Fourth Circuit maintained the view of the Louisiana Supreme Court that the person making the public records request has the choice of the method in which he wishes to exercise his right to view records under La.R.S. 44:31, and permitted the use of a personal copier in the pursuit of a public records request, stating that "the person requesting copies may choose to make the copies." Alliance for Affordable Energy v. Frick, 96-1763, (La.App. 4 Cir. 5/28/97); 695 So.2d 1126, 1136.
Directly applicable to your opinion request, the issue of using a handheld scanner came before the Second Circuit in First Commerce TitleCompany v. Martin, 38,903, (La.App. 2 Cir. 11/17/04), 887 So.2d 716.[1]
Examining the clear language of La.R.S. *Page 3 44:32(C)(1)(c), the Court viewed the issue before them as "whether the use of a hand-held scanner constitutes the `placement' or `installation' of prohibited equipment within the offices of the clerk of court."Id. at 718. The Court answered this question in the negative, "the installation or placement of imaging equipment . . . denotes the assigning or locating of such equipment at a particular spot . . . a hand-held scanner, because of its light weight and portable nature, cannot easily be made to fit the definition of imaging equipment that is assigned to a particular location or spot." Id. at 719. Holding that a hand-held scanner could be used to inspect the records at issue, the Court referred to the Legislative History of the amendment to confirm their position that La.R.S. 44:32(C)(1)(c) should not prohibit the use of portable duplicating equipment. Id. at 720.
Considering the fact that the New Orleans Police Department is not an office of the clerk, the above-mentioned jurisprudence, and consistent with the rights guaranteed to the public by the Public Records Act, our office is of the opinion that portable hand-held scanners may be used for the purpose of scanning police incident reports. Although you voice concerns about the mutability of records once they are on a hand-held scanner, the image produced from a reporter scanning the documents at your office would be no different than the image produced from a reporter scanning a copy you provided to him for a fee. Additionally, as jurisprudence has noted, the right of a public entity to charge a fee for producing copies does not entitle a public entity to charge a fee for requestors to view and scan the documents themselves. Therefore, the financial impact to your office is not sufficient justification to deny rights afforded to an individual under the Public Records Act.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB
[1] It is of significance to note that this case dealt with the issue of a hand-held scanner at the office of the clerk, as anticipated by the language of La.R.S. 44:32(C)(1)(c), whereas your request involves the issue of a hand-held scanner at the New Orleans Police Department, an entity not specifically recognized by the subparagraph of this statute.