I2FOGG, Judge.
By this appeal, a prisoner challenges the denial of his application for a writ of mandamus to compel the District Attorney and the Clerk of Court for the Parish of St. Tammany to produce certain public records. We affirm.
In January of 1994, Melvin Washington, an inmate at the Louisiana State Prison at Angola, filed public records requests with the St. Tammany Parish District Attorney’s office and Clerk of Court’s office. From the District Attorney’s office, he sought the ease file concerning his 1971 conviction. From the Clerk of Court’s office, he sought copies of both the grand jury and jury venire “drawing pool” for the period from 1967 to 1976 containing the names, addresses, ages, sex, and racial composition of the entire Parish of St. Tammany. On October 17, 1994, the trial court rendered judgment denying the petitioner’s application for a writ of mandamus. From this judgment, the petitioner appeals.
On appeal, the petitioner contends that the District Attorney and the Clerk of Court failed to respond to his request for a public record within three days in violation of LSA-R.S. 44:32D and are liable for damages under LSA-R.S. 44:35E(1). LSA-R.S. 44:32D provides as follows:
In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor.
Herein, neither the District Attorney nor the Clerk of Court raised a question as to the public status of the requested records; therefore, the three-day period of Section 32D is inapplicable. Foster v. Kemp, 94-1228 (La.App. 1st Cir. 6/23/95), 657 So.2d 681. Additionally, LSA-R.S. 44:35E(1) allows civil penalties only when the custodian “unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32.” The penalty is not to exceed one hundred dollars per day for each day the custodian failed to hgive notification. LSA-R.S. 44:32D requires notification in writing when a question is raised by the custodian as to whether it is a public record. Such notification must state the custodian’s determination and the reasons therefor. In this case, there is no question that the records requested are public records; hence, LSA-R.S. 44:35E(1) regarding penalties is not applicable. Elliott v. District Attorney of Baton Rouge, 94-1804 (LaApp. 1st Cir. 9/14/95), 664 So.2d 122; Foster v. Kemp, 657 So.2d at 686.
The petitioner also contends he was denied a fair hearing on April 5,1994. On that date, a hearing was held concerning the petitioner’s records request made to the District Attorney’s office. On the docket immediately preceding the petitioner’s motion, was the motion of another prisoner, Ronald Peterson, who sought records from the District Attorney’s office. In Peterson’s case an assistant district attorney apparently testified as to the search which the District Attorney’s office conducted for the case file. When the petitioner’s case reached the docket, the Assistant District Attorney stipulated that her testimony would be same as it was for the prior case. Counsel for the petitioner declined to ask any questions of the Assistant District Attorney on behalf of the petitioner.
In challenging the validity of this hearing, the petitioner asserts that it can be concluded from the testimony of the Assistant District Attorney taken in Peterson’s *1315 case that a valid search was not conducted by the District Attorney’s office and that his counsel was ineffective. Pursuant to LSA-C.C.P. art. 2164, an appellate court must render its judgment based upon the record on appeal. An appellate court cannot review evidence not in the record on appeal and cannot receive new evidence. Guedry v. Fromenthal 633 So.2d 287 (La.App. 1st Cir. 1993). In the instant case, a transcript of the hearing in Peterson’s case is not in the record; therefore, the record lacks evidence to support the appellant’s allegations. As to the contention that he had ineffective assistance of counsel, we note that this is a civil proceeding and the Sixth Amendment, U.S.C.A. Const. Amend. 6, | requirement of effective assistance of counsel relates to criminal proceedings.
The petitioner further contends the failure of these agencies to produce the requested records was arbitrary and capricious. The Clerk of Court responded to appellant’s public records request with a letter in which she stated that her office did not possess any lists containing the information that the appellant sought. The District Attorney stated that his office could not locate the petitioner’s file, that several administrations had passed since the petitioner’s ease was tried, and that the District Attorney was not required to maintain case files permanently. After carefully reviewing the record, we cannot say the trial court erred in failing to find that these agencies were arbitrary and capricious in not furnishing public records.[1]
Finally, the petitioner asserts that the trial court erred in not holding the District Attorney office in contempt of court for failing to produce the requested records. With respect to the rule for contempt, the trial court stated: “[T]his Court does not find the District Attorney in contempt for not producing which it [sic] cannot locate.” The petitioner complains that the trial court erred in determining that the records eould not be located. In support of this contention the appellant refers this court to the transcript of the hearing on Ronald Peterson’s request for public records which was held prior to the petitioner’s hearing on April 5, 1994. As discussed above, the record on appeal does not contain a transcript of the hearing of Peterson’s case and, therefore, it cannot be reviewed by this court. On the record before this court, we find no error in the trial court’s determination that the ^District Attorney was not in contempt of court.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellant.
AFFIRMED.

. Washington avers further that he was denied due process of law during a hearing held on August 29, 1994. Specifically, he asserts that, because the Clerk of Court did not attend, he was unable to prove his right to damages under LSA-R.S. 44:35E. The part of LSA-R.S. 44:35E which deals with damages and/or civil penalties for failure to comply with the notification requirement of LSA-R.S. 44:32 is not applicable to this case because the public nature of the requested records was never questioned. LSA-R.S. 44:35E also provides for an award of actual damages when the custodian of public records has arbitrarily or capriciously withheld the requested records. As determined by the trial court, plaintiff has not established defendants arbitrarily or capriciously withheld public records; therefore, he is not entitled to damages.