| .CARTER, C.J.
This is an appeal of a trial court judgment awarding attorneys’ fees in a public records suit.
FACTS
Capital City Press and Glenn Guilbeau[2] (collectively referred to as Capital City Press) instituted this action by filing a petition for a declaratory judgment, writ of mandamus, and injunctive relief, pursuant to the Louisiana Public Records Act set forth in LSA-R.S. 44:1, et seq. Made defendants were the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Dr. Mark Em-mert as Chancellor of Louisiana State University and Agricultural and Mechanical College, and Dr. William L. Jenkins as President of the Louisiana State University System and Secretary of the Board of Supervisors (collectively referred to as LSU). Through this action, Capital City Press sought public records relating to LSÜ’s search for an athletic director following the retirement of Joe Dean.
Prior to a scheduled hearing, the parties reached a settlement wherein LSU agreed to provide Capital City Press with certain information and records relating to its search for an athletic director. The parties further agreed that LSU would pay Capital City Press an amount representing their reasonable attorneys’ fees in prosecuting this action, which amount was to be determined by the trial court. Upon a joint motion of the parties, the trial court ordered that the claims of Capital City Press against LSU be dismissed, with the exception of Capital City Press’s claim for attorneys’ fees.
The trial court conducted a hearing on the sole issue of the amount of attorneys’ fees to which Capital City Press was entitled. The trial court subsequently ordered LSU to pay Capital City Press attorneys’ fees in the amount of $13,261, with legal interest thereon from the date of the judgment. LSU suspensively appealed. Capital City Press answered the appeal seeking an additional award of attorneys’ fees in connection with this appeal.
| .ASSIGNMENTS OF ERROR
On appeal, LSU urges two assignments of error. First, LSU- argues that Capital City Press prevailed only in part in this public records suit, therefore the trial court erred in awarding attorneys’ fees for every time entry recorded by Capital City Press’s counsel. Second, LSU argues that the trial court abused its discretion in setting the amount of attorneys’ fees.
DISCUSSION
LSU’s first assignment of error is premised on the language of LSA-R.S. 44:35D, which provides for attorneys’ fees in cases brought under the Louisiana Public Records Act. A person who prevails in a suit seeking the right to inspect or to receive a copy of a public record is entitled to reasonable attorneys’ fees. A party who prevails in part may be awarded either reasonable attorneys’ fees or an appropriate portion thereof at the discretion of the court. LSA-R.S. 44:35D. In this case, however, the parties agreed that Capital City Press was entitled to reasonable attorneys’ fees under LSA-R.S. 44:35D and entitlement to fees would not be in dispute. The settlement agreement only refers to reasonable attorneys’ fees. Thus, the extent to which Capital City *731 Press prevailed in this, suit is not determinative of the amount of the award. Consequently, the reasonableness of the award is the only true issue on appeal.
Factors to be taken into consideration in determining the reasonableness of attorneys’ fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances made; (8) the intricacies of the facts involved; (9). the diligence and skill of counsel; and (10) the court’s own knowledge. Rivet v. State, Department of Transportation and Development, 96-0145, pp. 11-12 (La.9/5/96), 680 So.2d 1154, 1161. In making an award of attorneys’ fees, the trial court is vested with considerable discretion, and the award will not be disturbed in the absence of clear abuse of discretion. St. Tammany Parish Hospital Service District No. 2 v. Schneider, 2000-0247, pp. 13-14 (La.App. 1st Cir.5/11/01), 808 So.2d 576, 587.
4 At the hearing in this matter, the trial court heard testimony of attorneys for Capital City Press regarding the legal fees incurred in this case. That testimony included an explanation of the nature of public records cases and the time constraints involved therein. Capital City Press submitted its attorneys’ billing records showing that between them three attorneys and one paralegal spent 109.2 hours in researching and preparing the case, which included preparing pleadings and legal memoranda, taking depositions, and researching and finalizing the settlement agreement. The actual legal fees, billed at the attorneys’ and paralegal’s standard hourly rates, totaled $19,610.
In its reasons for judgment, the trial court stated that in reaching its decision, it considered the factors set forth in the Rivet case. The trial court then found that this was an important suit, which, from the standpoint of Capital City Press, had far-reaching implications. It further found that the two attorneys for Capital City Press who testified were highly skilled and very familiar with this kind of litigation. In the trial court’s opinion, the attorneys’ work was of high quality and carefully addressed the unique issues presented in this case. Finally, the trial court found that the hours billed by the attorneys for Capital City Press were not excessive. Thereafter, the trial court examined the attorneys’ time sheets and calculated the award of attorneys’ fees according to the number of hours actually billed and the hourly rate used to compensate attorneys hired by the state. See LSA-R.S. 44:35F.[3] The trial court awarded attorneys’ fees in the amount of $13,261.
On review, we cannot say that the trial court erred in any of the findings it made while considering the factors set forth in the Rivet case. Those findings were based in large part on the trial court’s determination of credibility. When findings are based on determinations regarding the credibility of witnesses, the |smanifest error standard demands great deference to the trier of fact’s findings. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
The trial court’s award of attorneys’ fees in the amount of $13,261 is, in our opinion, *732 generous. Had we been in the position of the trial court, we may have concluded a lesser amount was more appropriate. However, considering the trial court’s findings, the entire record, and the factors set forth in the Rivet case, we cannot say the trial court’s award represents a clear abuse of its discretion. Therefore, thé award will not be disturbed.
In its answer to LSU’s appeal, Capital City Press requests that this court award it additional attorneys’ fees for prosecuting this appeal. An award for attorneys’ fees for work done on appeal is warranted when the appeal has necessitated additional work on the attorneys’ part. Thornton v. Department of Public Safety, 536 So.2d 595, 598 (La.App. 1st Cir.1988). Capital City Press’s attorneys answered the appeal, prepared an appellate brief, and participated in oral argument. An additional award of $1,500 is reasonable under these circumstances.
CONCLUSION
For the reasons set forth herein, we amend the trial court’s judgment to award Capital City Press additional attorneys’ fees in the amount of $1,500. In all other respects, the trial court’s judgment is affirmed. Costs of this appeal in the amount of $1,451.96 are assessed against LSU.
AMENDED, AND AS AMENDED, AFFIRMED.

. Capital City Press publishes The Advocate, Saturday and The Sunday Advocate. Guilbeau is a reporter for those newspapers.

. LSA-R.S. 44:35F provides that an award for attorneys’ fees in any suit brought under the Louisiana Public Records Act shall not exceed the amounts approved by the attorney general for the employment of outside counsel. In this case, the parties stipulated to the amounts approved by the attorney general for employment of attorneys with varying degrees of experience.