# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-480


TIFFANY A. BAKER

VERSUS

CITY OF LEESVILLE, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87,227, DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.


**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**


**Daniel E. Broussard, Jr.**
**Broussard, Bolton, Halcomb**
**P. O. Box 1311**
**Alexandria, LA 71309**
**(318) 487-4589**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Tiffany A. Baker**

**Aaron L. Green**
**Vilar & Elliott**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**(318) 442-9533**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Tiffany A. Baker**

**Jack L. Simms, Jr.**
**Attorney at Law**
**P. O. Box 1554**
**Leesville, LA 71446**
**(337) 238-9393**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Leesville**

**Brian D. Cespiva**
**Attorney at Law**
**711 Washington St.**
**Alexandria, LA 71301**
**(318) 448-0905**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Leesville Municipal Fire and Police Civil Service Board**

**PETERS, J.**

The plaintiff, Tiffany A. Baker, appeals a trial court judgment rejecting her claim for statutory penalties and attorney fees associated with a public records request to the Leesville Municipal Fire and Police Civil Service Board (Board) and the City of Leesville (City). For the following reasons, we affirm the trial court judgment with respect to the Board, but reverse the judgment with respect to the City and render judgment in favor of Ms. Baker, awarding her attorney fees and statutory penalties.

## DISCUSSION OF THE RECORD

On July 25, 2012, Ms. Baker's attorney forwarded a written request for copies of public records to both the City and the Board. The requests, which were made pursuant to La.R.S. 44:3, *et seq.*, the Louisiana Public Records Law, sought to obtain copies of the following documents or public records:

(1)     Any and all documents, correspondence, ordinances, resolutions and any other documents that pertain to or involve the rate at which each rank of Leesville fire employees accumulate(d) annual leave from January 1, 2007 through present date;

(2)     Any and all documents, correspondence, ordinances, resolutions and any other documents that pertain to or involve the policies and/or procedures adopted by the City regarding the accumulation or use of annual leave by Leesville fire employees from January 1, 2007 through present date;

(3)     Any and all documents, correspondence, summaries and any other documents that list and/or describe the amount of annual leave accumulated and/or used by each current and former Leesville fire employee from January 1, 2007 through present date (we request that the name of each current and former fire employee be provided with the requested annual leave information, but that any and all private or sensitive information be redacted); and

(4)     Any and all documents, agendas, meeting minutes, meeting recordings; meeting transcripts, or other documents pertaining

or related to any and all meetings of the Leesville Municipal Fire & Police Service Board from January 1, 2012 through present date.

Both the City and the Board received a faxed copy of the request on July 25, 2012. The City received a duplicate original of the request by certified mail the next day, and the Board received its duplicate original by certified mail on July 31, 2012.

The Board responded to the public records request through a July 31, 2012 letter from its attorney to Ms. Baker's attorney which stated in pertinent part:

Please allow this correspondence to confirm our conversation this afternoon wherein you have granted the Leesville Municipal Fire and Police Civil Service Board an extension of time to respond to the public records request[.]

The City did not respond at all.

When neither the City nor the Board had provided Ms. Baker with any of the requested documents by November 2, 2012, she filed the action now before us. Naming both the City and the Board as defendants, Ms. Baker sought a judgment awarding her a statutory penalty of $100.00 per day from each defendant for the period beginning when the responses were due until the defendants properly responded. Additionally, Ms. Baker sought a judgment awarding her a reasonable attorney fee from each defendant.

Because Ms. Baker sought expedited consideration of her demands, the trial court held a rule to show cause hearing on November 29, 2012. At the hearing, counsel for Ms. Baker acknowledged that the Board had produced at least part of the requested public records, but only after she filed suit. In defense of its inaction, the Board introduced a copy of the July 31, 2012 letter to Ms. Baker's counsel and took the position that the extension granted by Ms. Baker had no termination date. That being the case, the Board argued, the extension of time in which to respond

2

was still in effect when suit was filed. Counsel for Ms. Baker countered that the extension was not intended to be "indefinite" or "open-ended" and that Ms. Baker had expected a much earlier response.

When questioned by the trial court concerning the City's failure to respond, counsel for the City stated:

> Well, Your Honor, it's - - the answer is very simple. The request was made, it was my understanding after communicating with [counsel for the Board] we thought and we still do think that everything they're requesting is on record with the Civil Service Board, not the City. But, be that as it may, if it were on record in the City they made the request, all they've got to do is come inspect and copy it. We don't have to do that for them. That's the law is they come over there and copy it. We don't - - we don't have to put an employee to work for two weeks doing that.

Later in argument to the trial court, counsel for the City stated that "[w]e assumed that that was taken care of by the Board."

The trial court took the matter under advisement and, on January 10, 2013, filed written reasons for judgment wherein it recognized that both the City and Board received the July 25, 2012 request for production of the public records; the Board responded by asking for and obtaining an extension of time in which to respond; and the City did not respond at all. However, despite further finding that Ms. Baker was entitled to the requested public record, the trial court concluded that La.R.S. 44:32(D) precluded an award of penalties and attorney fees.

Because the written reasons for judgment included a paragraph stating that "IT IS ORDERED, ADJUDGED AND DECREED that a Writ of Mandamus issue but without an award of penalties and attorneys fees[,]" Ms. Baker treated it as a final judgment and timely perfected this appeal. In her appeal, she asserts in her single assignment of error that the trial court erred in not awarding her penalties

3

and attorney fees against both the City and the Board for their failure to respond to her public records request.

## OPINION

The right of an individual to examine public records is statutorily provided for in La.R.S. 44:31, which states that:

> A.  Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees.

> B.  (1)  Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, any person may obtain a copy or reproduction of any public record.

> (2)  Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, any person may obtain a copy or reproduction of any public record.

> (3)  The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.

Additionally, La.R.S. 44:32(A) provides in part that "[t]he custodian shall present any public record to any person of the age of majority who so requests."  In fact, La.R.S. 44:32(C)(1)(a) and (d) provide that the custodian has a "duty" to provide the requested records.  The only exception to the mandated production is when there exists a question concerning whether the requested record is a public record.

> In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor.  Such written notification shall contain a reference to the basis under law which the custodian has determined exempts a record, or any part thereof, from inspection, copying, or reproduction.

La.R.S. 44:32(D).

4

If segregation of the requested records within the custodian's office is "unreasonably burdensome or expensive" or if the record is not immediately available, the custodian must certify these difficulties in writing to the individual requesting the records while still taking the steps necessary to make them available. La.R.S. 44:33(A)(2). Additionally, if the records requested are "not in the custody or control of the person to whom the application is made, such person shall promptly certify this in writing to the applicant[.]" La.R.S. 44:34.

Failure on the part of the custodian of the requested records to allow the records to be inspected or copied gives rise to an enforcement cause of action under La.R.S. 44:35, which provides:

> A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.

> B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.

> C. Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner. Any appellate courts to which the suit is brought shall place it on its preferential docket and shall hear it without delay, rendering a decision as soon as practicable.

> D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, *he shall be awarded* reasonable attorney's fees and other costs of litigation. If such person

prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.

E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it *may* award the requester any *actual damages* proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it *may* award the requester *civil penalties not to exceed one hundred dollars per day*, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.

(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorney fees to the custodian.

F. *An award for attorney fees in any suit brought under the provisions of this Chapter shall not exceed the amounts approved by the attorney general for the employment of outside counsel.*

(Emphasis added).

In this matter, it is undisputed that neither the City nor the Board raised any questions concerning the status of the requested documents as public records within three days of receipt of the request as required by La.R.S. 44:32(D). Nor did either the City or the Board respond in writing that the requested records were not in their custody, unavailable, or unreasonably burdensome or expensive to produce. Thus, both the City and the Board had a statutory duty to produce the requested records, and the only question for this court to decide is whether the trial court erred in not awarding Ms. Baker penalties and attorney fees pursuant to La.R.S. 44:35.

6

### *Action of the Trial Court*

The trial court held that La.R.S. 44:32(D) precluded an award of penalties

and attorney fees from either defendant, stating in its reasons for judgment that:

> A plain reading of the Statute reveals that the penalties apply
> only when a question is raised about the nature of the records being
> sought as being public records or some exclusion to the disclosure
> requirements is raised by the custodian. *Washington v. Reed*, 95-1067,
> 668 So.2d 1313 (La. App. 1st Cir. 2/03/96).

We find that neither La.R.S. 44:32(D) nor the decision in *Washington* support the

trial court's rejection of Ms. Baker's request for penalties and attorney fees.

Louisiana Revised Statutes 44:32(D) makes no mention of penalties and attorney

fees and merely sets forth the delay applicable for a custodian to assert that a

requested record is not a public record. Additionally, the first circuit in

*Washington* was addressing a public records request by a prisoner to the District

Attorney's office and the Clerk of Court's office. The plaintiff interpreted La.R.S.

44:32(D) to require the custodians to respond to his requests within three days or

suffer the penalties provided for in La.R.S. 44:35(E)(1). The first circuit

concluded that an award of penalties is not related to the three-day provision of

La.R.S. 44:32(D), but instead to whether or not the custodians were arbitrary and

capricious in dealing with the records requests.

Thus, we find that the trial court erred as a matter of law in finding La.R.S.

44:32(D) to be dispositive of the issues before it.

> A legal error occurs when a trial court applies incorrect principles of
> law and such errors are prejudicial. Legal errors are prejudicial when
> they materially affect the outcome and deprive a party of substantial
> rights. When such a prejudicial error of law skews the trial court's
> finding of a material issue of fact and causes it to pretermit other
> issues, the appellate court is required, if it can, to render judgment on
> the record by applying the correct law and determining the essential
> material facts *de novo.*

*Evans v. Lungrin*, 97-541, 97-577, p.7 (La. 2/6/98), 708 So.2d 731, 735 (citations omitted).

However, the conclusion that the trial court erred as a matter of law in rejecting the claim for penalties and attorney fees does not automatically require such awards in favor of Ms. Baker. Instead, we must now perform a *de novo* review of the record to determine whether she is entitled to relief against either custodian.

### Leesville Municipal Fire and Police Civil Service Board Claim

We find no error in the trial court's denial of a penalty and attorney fee award against the Board. The Board did not deny Ms. Baker the right to inspect or copy the requested public records. Instead, it sought and obtained an extension of time in which to respond and that extension was still in effect when Ms. Baker filed her suit for mandamus. Furthermore, Ms. Baker did not present any evidence to establish that the Board's delay in responding was caused by anything other than the time required to compile the requested records.

### City of Leesville Claim

The claim against the City is factually different from the claim against the Board. Not only did the City fail to obtain an extension of time in which to respond, but it ignored the request altogether. Its only explanation was that it assumed the Board would produce all of the necessary records. At the trial on the rule, the City acknowledged that it had still not responded in any way, and the trial court issued a mandamus to the City ordering it to produce the requested records.

With regard to the request for attorney fees, La.R.S. 44:35(D) states that the trial court "shall" award a reasonable attorney fee when the person seeking the public records prevails in his or her suit. The only restriction on that award is that it "shall not exceed the amounts approved by the attorney general for the

8

employment of outside counsel." La.R.S. 44:35(F). In this case, Ms. Baker prevailed against the City and is entitled to a reasonable attorney fee award.

> Factors to be taken into consideration in determining the reasonableness of attorneys' fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances made; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. *Rivet v. State, Department of Transportation and Development*, 96-0145, pp. 11-12 (La.9/5/96), 680 So.2d 1154, 1161. In making an award of attorneys' fees, the trial court is vested with considerable discretion, and the award will not be disturbed in the absence of clear abuse of discretion. *St. Tammany Parish Hospital Service District No. 2 v. Schneider*, 2000-0247, pp. 13-14 (La.App. 1st Cir.5/11/01), 808 So.2d 576, 587.

*Capital City Press v. Bd. of Sup'rs of La. State Univ.*, 01-1692, p. 3 (La.App. 1 Cir. 6/21/02), 822 So.2d 728, 731.

In applying the factors set forth in *Capital City Press* to the matter before us, we note that Ms. Baker was awarded the relief she sought, a mandamus ordering the production of the requested documents; her legal counsel was diligent in representing Ms. Baker, and this diligence was the basis for the recovery; and the concept of making available public records for inspection is of significant importance to our society in general. While the Louisiana Public Records Law is not overly complicated, claims are not common, and, therefore, they require that an attorney do extraordinary research in each individual case. The record before us contains no evidence of the hours spent by Ms. Baker's counsel, nor does it establish her attorney's hourly rate. It does establish, however, that her counsel prepared the proper records requests and caused them to be served on the City, prepared and filed the petition giving rise to this litigation, corresponded with counsel for the Board, appeared at the November 29, 2012 hearing, and perfected this appeal. Considering the record before us and the factors set forth in *Capital*

*City Press*, we award Ms. Baker reasonable attorney fees in the amount of $3,500.00.

While an attorney fee award is mandated by statute if a litigant obtains recognition of his or her right to receive a copy of a public record, penalties are only awarded on the basis of unreasonable and arbitrary withholding of public records by the custodian after a request for such records. La.R.S. 44:35(E)(1). Assuming a finding of unreasonable and arbitrary action, the award of penalties is left to the discretion of the factfinder. *Id.*

The City received a faxed copy of Ms. Baker's request on July 25, 2012, and received the original written request the next day. It took no action to comply or respond. Ninety-nine days later when Ms. Baker filed her November 2, 2012 mandamus action, the City still had not responded in any way. Twenty-seven days after the filing of the mandamus action, the rule to show cause hearing was held, at which time the City still had not responded. Its defense at the trial on the rule was that it assumed everything would be taken care of by the Board and that, in any event, if Ms. Baker wanted to inspect and copy the documents, she could come to the City's office and do so. In other words, the City simply ignored the law pertaining to a citizen's access to public records. We find the inaction on the part of the City to be unreasonable and arbitrary.

Because the trial court erroneously disposed of the litigation by applying La.R.S. 44:32(D), it never reached the question of whether the City was unreasonable and arbitrary and, therefore, never asserted its discretion in determining whether the City should be assessed the daily penalty provided for in La.R.S. 44:35(E)(1). Reviewing this issue *de novo*, we conclude that Ms. Baker is entitled to a penalty for the City's unreasonable and arbitrary denial of her public

10

records request, and we set that penalty at $25.00 per day, "exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification." *Id.*

## DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment rejecting Tiffany A. Baker's claims for attorney fees and statutory penalties against the Leesville Municipal Fire and Police Civil Service Board. However, we reverse the trial court's judgment rejecting Tiffany A. Baker's claims for attorney fees and statutory penalties against the City of Leesville, and we render judgment in favor of Tiffany A. Baker and against the City of Leesville, awarding her $3,500.00 in attorney fees and a civil penalty of $25.00 per day, exclusive of Saturdays, Sundays, and legal public holidays, to run from July 26, 2012, until the City of Leesville complies with the public records request. We assess all costs of this appeal to the City of Leesville, and pursuant to La.R.S. 13:5112(A), we set those costs at $809.62.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**