## NOT DESIGNATED FOR PUBLICATION

### STATE OF LOUISIANA

### COURT OF APPEAL

### FIRST CIRCUIT

### 2021 CA 1455

### JOHN CONRAD DAUTHIER

### VERSUS

### CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE AND BATON ROUGE POLICE DEPARTMENT

**JUN 1 4 2022**

Judgment Rendered:_____

\*\*\*\*\*\*\*\*

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C694023

The Honorable Trudy M. White, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Clifton J. Ivey, Jr.<br>Baton Rouge, LA | Counsel for Plaintiff/Appellee<br>John Conrad Dauthier |
| Anderson O. Dotson, III,<br>Parish Attorney<br>David M. Lefeve,<br>Assistant Parish Attorney<br>Baton Rouge, LA | Counsel for Defendant/Appellant<br>City of Baton Rouge and Parish of East<br>Baton Rouge |

\*\*\*\*\*\*\*\*

**BEFORE: WHIPPLE, C.J, PENZATO, AND LANIER, JJ.**

J. Penzato concurs without reasons

**LANIER, J.**

The appellant, the City of Baton Rouge/Parish of East Baton Rouge (the City/Parish), appeals a judgment of the Nineteenth Judicial District Court in favor of the appellee, John Conrad Dauthier. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 29, 2019, Mr. Dauthier, who was employed by the Baton Rouge Police Department (BRPD), submitted an online public records request to BRPD via email. Mr. Dauthier initially requested the following items: the entire Internal Affairs file relating to one particular police officer; the Internal Affairs summary of the past 24-month history relating to another police officer; any Internal Affairs documents entitled "Internal Affairs Accountability Form" completed by the division commander since 2018; any Internal Affairs documents, and specifically documents entitled "Internal Affairs Accountability Form," concerning investigations into a particular police officer in the past 24 months; and copies of any policy, memorandum, custom, or practice explaining how Internal Affairs investigators are trained. BRPD acknowledged receipt of the request via email, and also stated that any records pertaining to ongoing criminal or administrative investigations will not be disclosed.

On May 10, 2019, Mr. Dauthier's former counsel inquired as to the status of the public records request, claiming that the return deadline on the request had passed. BRPD responded to the request on May 15, 2019, advising that the redaction process was ongoing, and that some of the requested records may not be subject to disclosure. BRPD gave an expected time frame within which some of the requested records could be disclosed.

Mr. Dauthier then reduced the number of requested documents in response to clarification requests made by BRPD. On May 23, 2019, BRPD informed Mr. Dauthier that it was in the process of redacting his requested documents, but that

2

its legal advisor, who was overseeing the records request, was leaving on a six-day vacation and would advise him on the request's progress upon her return to work.

In an email dated June 3, 2019, BRPD informed Mr. Dauthier that the redacted records that he requested were ready. After reviewing the records, Mr. Dauthier responded to the email the following day, asserting his objections to the redacted form of the records. Despite his objections, BRPD made no revisions to the redacted material. Mr. Dauthier then filed a petition for injunction or, alternatively, for writ of mandamus, and attorney fees pursuant to La. R.S. 44:35, against the City/Parish and the BRPD.[1] Mr. Dauthier stated in his petition that, as of the date of its filing, BRPD had not responded to his public records request in a way that was in conformity with the law, and that the records he had received were unlawfully redacted. Mr. Dauthier further alleged that the defendants were public bodies under the definition of La. R.S. 44:1, making them subject to public records requests.

A hearing was held on March 15, 2021, and the trial court took the matter under advisement. During that time, the trial court reviewed unredacted copies of the subject documents *in camera*. The trial court rendered written reasons on May 7, 2021, and the City/Parish filed a motion for suspensive appeal on May 24, 2021.[2] The trial court signed a judgment on May 10, 2022, granting the writ of mandamus and specifying the information that the City/Parish properly and improperly redacted from the records. The trial court further awarded attorney fees

---

[1] In the body of his petition, Mr. Dauthier names as defendant the East Baton Rouge Parish Metropolitan Council, the governing body of the City of Baton Rouge and Parish of East Baton Rouge. He further claims that the BRPD is an authority established by the Metropolitan Council, which has authority, along with the Mayor-President, over the operations of the BRPD.

[2] If an appeal is filed before the signing of the judgment, the subsequent signing of the judgment cures any previously existing defect in the premature appeal. See *Overmier v. Traylor*, 475 So.2d 1094-95 (La. 1985) (per curiam); *Chauvin v. Chauvin*, 2010-1055 (La. App. 1 Cir. 10/29/10), 49 So.3d 565, 569, n. 2.

3

and costs in the amount of $2,500.00 to Mr. Dauthier, but declined to award civil penalties.[3]

## ASSIGNMENTS OF ERROR

The City/Parish cites three assignments of error:[4]

1. The trial court erred by finding that a police officer who is the subject of an accountability form has no reasonable expectation of privacy.

2. The trial court erred by finding the redactions made by the City/Parish to protect the identity of a police officer who is the subject of an accountability form were improper.

3. The trial court erred in awarding attorney fees pursuant to La. R.S. 44:35(E)(1) based on finding the City/Parish's redactions were arbitrary and capricious.

## DISCUSSION

A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. See La. C.C.P. art. 3862. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. See La. C.C.P. art. 3863. A "ministerial duty" is one in which no element of discretion is left to the public officer, in other words, a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law.

---

[3] The original judgment on appeal was signed on July 6, 2021, but was defective in that it lacked sufficient language stating the relief granted, requiring reference to an extrinsic document, and was therefore not an appealable judgment. See *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046. On April 11, 2022, this court issued an interim order, remanding the matter for the limited purpose of instructing the trial court to sign an amended judgment correcting the aforementioned deficiencies. The trial court supplemented the appellate record with the amended judgment. We find the amended judgment has only altered the phraseology of the judgment, not the substance, and therefore maintain the appeal. See La. C.C.P. art. 1951; see also *Frisard v. Autin*, 98-2637 (La. App. 1 Cir. 12/28/99), 747 So.2d 813, 818, writ denied, 2000-0126 (La. 3/17/00), 756 So.2d 1145.

[4] In his brief, Mr. Dauthier raises his own assignments of error concerning the lack of a civil penalty award and the applicability of La. R.S. 40:2532 to the judgment. However, Mr. Dauthier did not file an answer to the City/Parish's appeal, as required by La. C.C.P. art 2133(A). Further, were we to consider Mr. Dauthier's brief as constituting an answer to the appeal, it would nevertheless be untimely, as La. C.C.P. art. 2133(A) requires an answer to the appeal to be filed within fifteen days from the later of the return day or the lodging of the record. The record was lodged on November 23, 2021, and Mr. Dauthier filed his brief on January 7, 2022.

*Lowther v. Town of Bastrop*, 2020-01231 (La. 5/13/21), 320 So.3d 369, 371; *Construction Diva, L.L.C. v. New Orleans Aviation Board*, 2016-0566 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1037, <u>writ denied</u>, 2017-0083 (La. 2/24/17), 216 So.3d 59. Additionally, a trial court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review. *Turner v. East Baton Rouge Parish School Board*, 2017-1769 (La. App. 1 Cir. 6/4/18), 252 So.3d 990, 993, <u>writ denied</u>, 2018-1127 (La. 10/15/18), 253 So.3d 1299; *St. Bernard Port, Harbor and Terminal District v. Guy Hopkins Construction Co., Inc.*, 2016-0907 (La. App. 4 Cir. 4/5/17), 220 So.3d 6, 10, <u>writ denied</u>, 2017-0746 (La. 9/15/17), 225 So.3d 1088.

Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see; to allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights. *Krielow v. Louisiana State University Board of Supervisors*, 2019-0176 (La. App. 1 Cir. 11/15/15), 290 So.3d 1194, 1201. Because the right of access to public records is fundamental, access to public records may be denied only when the law specifically and unequivocally denies access. *Id.* The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian. La. R.S. 44:31(B)(3). As with Article XII, Section 3 of the Louisiana Constitution[5], the Louisiana Public Records Law should be construed liberally in favor of free and unrestricted access to public documents. *Krielow*, 290 So.3d at 1201.

Any person of the age of majority may inspect, copy, or reproduce any public record, except when otherwise specifically provided by law. La. R.S. 44:31(B)(1). It was therefore the City/Parish's burden to prove that it could legally

---

[5] "No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law."

5

redact the requested documents in the manner it had chosen. At the hearing, the sole witness called was Deputy Chief Myron Daniels of BRPD, who was the commander of Internal Affairs when Mr. Dauthier made his public records request. He testified that Internal Affairs accountability forms are Internal Affairs records, which are kept at the Office of Internal Affairs. Deputy Chief Daniels was ultimately responsible for those records. However, Deputy Chief Daniels testified that he did not participate in the redaction process, and never advised how the documents should be redacted.

Admitted as exhibits were the email exchanges between Mr. Dauthier and BRPD, as well as a redacted copy of the requested records. The requested records consist of documents titled "Internal Affairs Accountability Form," a BRPD letter for disciplinary action, emails, computer searches, and a complaint accountability form. In all of these documents, nearly every pertinent name and date have been redacted to where the documents provide little to no useful information.

In an email dated April 30, 2019, sent by BRPD to Mr. Dauthier, BRPD advised that "[t]o the extent the records pertain to an ongoing criminal or administrative investigation/prosecution, the relevant records will not be subject to disclosure pursuant to [La. R.S. 44:3]." That statute exempts from the Public Records Law a wide range of items, but the statute does not specifically provide for Internal Affairs accountability forms. The email dated June 3, 2019 from BRPD to Mr. Dauthier references La. R.S. 40:2532 and *City of Baton Rouge/Parish of East Baton Rouge v. Capital City Press, L.L.C.*, 2007-1088 (La. App. 1 Cir. 10/10/08), 4 So.3d 807 as bases for the redactions.

Louisiana Revised Statutes 40:2532 states:

No person, agency, or department shall release to the news media, press or any other public information agency, a law enforcement officer's home address, photograph, or any information that may be deemed otherwise confidential, without the express written consent of

6

the law enforcement officer, with respect to an investigation of the law enforcement officer.

Mr. Dauthier, who was employed as a BRPD officer at the time of the public records request, did not represent any news media, press, or public information agency. Therefore, La. R.S. 40:2532 is not a legal basis for BRPD's redaction of the requested public records.

The *Capital City Press* case states that "[w]hen a request for public records is at issue, the custodian or the individual claiming the privacy right must prove that there is a reasonable expectation of privacy against disclosure of the information to a person entitled to access to the public information. If, and only if, a reasonable expectation of privacy is found, the court must weigh or balance the public records disclosure interest against the privacy interest." *Capital City Press*, 4 So.3d at 819. That expectation of privacy must not only be an actual or subjective expectation of privacy, but also one which society at large would recognize as being reasonable. *Id.*

*Capital City Press* has already made the determination that there is no blanket exemption of Internal Affairs documents from the Public Records Law. *Id.*, at 819. The legislature could have included such an express exemption in the Public Records Act but has failed to do so. *Id.* What *Capital City Press* has not answered is whether Internal Affairs accountability forms are exempt from disclosure. From the evidence presented, we find that there is no difference between BRPD's accountability forms and any other Internal Affairs document in its custody. Most notably, Deputy Chief Daniels testified that accountability forms were maintained by the same office that maintained all other Internal Affairs documents. Accountability forms are further linked to Internal Affairs because "Internal Affairs" precedes "Accountability Form" in the heading of those documents. The other requested documents, which were not accountability forms,

7

were still under the custody and control of BRPD Internal Affairs and therefore not exempt from disclosure. *Id.*, at 822. BRPD has failed to carry its burden of proving that an exemption from disclosure of the requested public records existed, and the trial court was not manifestly erroneous in granting the writ of mandamus.

Once a record requester prevails in a suit under the Louisiana Public Records Law, an award of reasonable attorney fees is mandatory. *Lowe v. Parish of St. Tammany*, 2017-0783 (La. App. 1 Cir. 1/23/18), 241 So.3d 1035, 1038-39. Although the City/Parish assigns as error the trial court's award of attorney fees pursuant to La. R.S. 44:35(E)(1)[6], the pertinent section of that statute is La. R.S. 44:35(D)(1), which states that if the requesting person prevails in his writ of mandamus against the public body and/or records custodian, he shall be awarded reasonable attorney fees and other costs of litigation.

Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances made; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. *Capital City Press v. Board of Sup'rs of Louisiana State University*, 2001-1692 (La. App. 1 Cir. 6/21/02), 822 So.2d 728, 731. The breadth of Mr. Dauthier's records request was not large. It did not appear that such a request and resulting suit would have required a significant amount of money to litigate. As evidenced by the record, Mr. Dauthier's total legal work included a

---

[6] Louisiana Revised Statutes 44:35(E)(1) relates to the discretionary award of damages and civil penalties when the trial court finds the record custodian acted arbitrarily or capriciously in withholding the requested records. Although the trial court found the defendants acted arbitrarily and capriciously in tendering documents that were unlawfully redacted, the trial court declined to award damages and civil penalties. As such, it is unnecessary for this court to review whether the defendants were in fact arbitrary or capricious in their actions, and the issue of civil penalties has not been properly brought before this court.

8

petition, two pre-trial pleadings, one court appearance, and a post-trial memorandum, spanning only a few months. Based on the above factors, we find the trial court's award of attorney fees to Mr. Dauthier in the amount of $2,500.00 to be reasonable.[7]

## DECREE

The judgment of the Nineteenth Judicial District in favor of the appellee, John Conrad Dauthier, is affirmed. All costs in connection to this appeal are assessed to the appellant, the City of Baton Rouge/Parish of East Baton Rouge, in the amount of $999.00.

## AFFIRMED.

---

[7] Mr. Dauthier has not requested attorney fees in connection with this appeal.